**Tony L. CARTER, Petitioner—Appellant,**

v.

**Steven CAMBRA, Jr., Respondent—Appellee.**

No. 99–15086.

D.C. No. CV–97–04005–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided March 29, 2002.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Petitioner–Appellant Tony Lavell Carter challenges his conviction based on the state's trial of two unrelated murders in a single trial. After exhausting state court remedies, petitioner timely filed a pro se petition for habeas corpus, and now appeals the district court's denial of that petition. The district court granted a certificate of appealability as to this issue only.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Based upon our de novo review, we conclude that the district court correctly determined that the state court did not make a decision that was contrary to, or an unreasonable application of, the constitution as interpreted by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir.2001) (standard of review).

Because the California Supreme Court denied petitioner's habeas petition without comment, we look to the last reasoned decision of a state court as the basis of the state court's judgment. *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir.2000), *cert. denied,* —— U.S. ——, 122 S.Ct. 324, 151 L.Ed.2d 242 (2001). Under the circumstances, it was not contrary to or an unreasonable application of Supreme Court authority to determine that the joinder did not "result[ ] in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane*, 474 U.S. 438, 446 n. 8, 106 S.Ct.

725, 88 L.Ed.2d 814 (1986). There were two strong limiting instructions, the prosecutor did not conflate the counts in argument, and the evidence was distinct as to each count.

AFFIRMED.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Carter's motion for a broader certificate of

appealability is denied as untimely. Circuit Rule 22–1(d).

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.